[Civil No. 2987. Filed April 1, 1931.]

[296 Pac. 1073.]

STATE, Appellant, v. UNKNOWN OWNERS OF 10 HEAD OF CATTLE and JOHN DOE EGURROLA, Appellees.

Mr. Claude Smith, County Attorney, and Messrs. Myrland & Samuelson, for the State.

No appearance in Supreme Court for Appellees.

ROSS, J.—This is a special proceeding by the state to determine the ownership of ten head of range cattle, seized on the range near Arivaca in Pima county on or about September 24, 1929, by one H. L. Kerr, a cattle inspector. Nine of these animals bore the unrecorded brand quarter circle R lazy E, thus: ꝶ⌐ And one, a yearling heifer, was unbranded but earmarked with a slit in each ear. The yearling heifer was seized as a "sleeper" and the other nine because the brand on them was not of record. The seizure was made in pursuance of section 2106, Revised Code of 1928, reading:

"Every inspector shall seize any domestic live stock animal found running at large upon any range which is not branded according to law except young unweaned animals running with their own mothers; and any domestic live stock running at large upon any range, with brands so mutilated, indistinct, burnt or otherwise disfigured as to be incapable or difficult of ascertainment or upon which there may be a brand which is not recorded as required by law, or which is freshly branded and not found with its mother, or which has a mark or brand not the recorded mark or brand of the owner, or which is freshly marked or branded and which are known as 'leppys,' 'orejanas,' 'sleepers,' 'dogies,' or 'mavericks.'"

The value of the cattle exceeded two hundred dollars and the seizure was reported by the inspector to the superior court of Pima county, wherein the trial and hearing was had in accordance with sections 2108, 2109, and 2111, Revised Code of 1928. At the time fixed for hearing, Rafael Egurrola, a minor, by his father and guardian *ad litem,* Miguel Egurrola, filed in the court, in accordance with the provisions of section 2111, a claim of ownership of the cattle. After a hearing and trial, the court adjudged ownership of the nine head in Rafael Egurrola and ordered their release to him as such owner. The yearling heifer was adjudged forfeited to the state and ordered sold by the inspector.

The state has appealed and raises but one question, and that is the sufficiency of the evidence to support the court's finding that the cattle belonged to the claimant Rafael Egurrola. While this is the assignment, there were in fact no findings made, except such as are implied from the judgment.

It is the contention that no proof of ownership was introduced except the unrecorded brand of Rafael Egurrola, and that under the rule in *Mounce* v. *Wightman,* 30 Ariz. 45, 44 A. L. R. 754, 243 Pac. 916, such evidence alone is insufficient to prove ownership. In that case it was stated:

"That an unrecorded brand is to be considered only as a method of identification, just as a birthmark, a deformity, or the general appearance of an animal may show its identity, and that ownership or title cannot, under our law, be shown in a civil case by the mere fact that a certain unrecorded brand is claimed by a certain individual and that it is on the stock whose ownership is in question."

In other words, the holding is that range cattle may be identified as belonging to a person by artificial marks—marks placed thereon by him or others—as well as by natural marks.

The facts about these cattle and their ownership are as follows: Rafael Egurrola, the claimant, was at the time of trial sixteen years old. For many years Rafael's father, Miguel, and an uncle, after whom Rafael was named, each owned around fifty head of cattle, ranging in the neighborhood of Arivaca, bearing the recorded brand R lazy E on left side. Four or five years previous to the seizure, the uncle concluded to give to his nephew and namesake each year some calves and, accordingly, instructed Miguel, who looked after the herd, of his wishes; and the latter thereafter, to identify Rafael's animals and distinguish them from the rest of the herd, placed on them and on their left shoulder the same brand as was on the parent stock, with the addition of a quarter circle over the R, so that in September, 1929, there were on the range around Arivaca some fifteen or twenty head bearing the brand adopted for use to identify Rafael's stock so given to him by his uncle. These were all the offspring of gentle milch cows and were all branded and marked by Miguel in the corrals. Miguel identified the nine seized as his son's because of the brand, and when asked by the state's attorney if there was any other reason why he knew they were the cattle of his son said:

"Well, I branded that cattle with my own hands." And, in answer to the question, "Every one of them?" said, "Yes, sir." He also testified that he could identify such cattle even without earmarks or brand when with his cattle.

Mr. P. M. Clark, a banker of Tucson and also a cattle owner with cattle ranging around Arivaca, testified he was familiar with the boy's brand and had been for four or five years, and that such brand had been known and recognized as belonging to the boy. He and Walter W. Bailey, ex-sheriff of Pima county,

who had known Miguel for many years, vouched for his good name for truth and honesty.

On this testimony the court, in announcing its decision from the bench, stated:

" . . . There is ample evidence of identification of these marks, of their having been on the cattle and being a recognized brand used on that range for a period of four or five years, and recognized by the cattlemen. There is also evidence that the brand was not put on surreptitiously, or not put on secretly, without the consent of the owner of the R lazy E brand, but put on with his consent. . . . "

We think there was substantial evidence to support the court's conclusion. That being so, we are bound by it. The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.